[Crim. No. 2102. Second Appellate District, Division One.—October 17, 1931.]

THE PEOPLE, Respondent, v. IRSLE HOWARD CUPPS, Appellant.

Thomas P. Walker for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

BISHOP, J., *pro tem.*—Appellant was found guilty of robbery in the first degree. The evidence amply supports the finding. Close to 11 o'clock one evening, the evidence reveals, the home of the Blundons was entered by two men, unmasked, who, under the menace of revolvers, robbed the Blundons of $40 in cash, a radio and a bunch of keys. Both Mr. and Mrs. Blundon identified appellant, with positiveness, as the robber who held the guns while his companion collected. Immediately after the intruders left, Mr. Blundon hurried into the street and discharged his revolver twice. A police officer in a patrol car, operating in the neighborhood of the Blundons, hearing what he thought were shots, immediately thereafter saw a coupe, with a radio on the running-board. As the officer gave chase the coupe sped away, the radio bouncing off the car into the street. This radio was identified as the one taken from the Blundons and appellant was identified by the officer as the man who was holding it on the running-board of the coupe. About two hours later, appellant and one Keith were arrested and the stolen bunch of keys, containing a tag with the Blundons' name and address, was found in appellant's possession. This review of the evidence has been given to show the basis of our conclusion that the matters complained of, even if admitted to be errors, are inconsequential.

By way of defense, appellant produced testimony that he was at an East Vernon Street address, a few miles from the vicinity of the Blundons, all the evening on which they were robbed. A part of his story was that one Butler had borrowed his car, about 9 o'clock that evening. The appellant himself was a witness and testified that he told Butler to return his car in half an hour, but that so far as he knew it was not returned until he got ready to leave, about 11:30. At that hour the car, with Butler's overcoat in it, was in front of the house where appellant had been. Before appellant appeared as a witness, Keith was on the stand and testified that the defendant was at the East Vernon Street address at all times between the hours of 7:30 and 11:30 P. M. on the evening of the robbery. Keith further stated that he had heard a conversation between Bob Butler and the defendant, but he was not allowed to relate its contents. The burden of the conversa-

tion, it appears, had to do with Butler's borrowing the defendant's car; and it was offered, not as proof of any fact related by the conversation, but as a fact in itself, from which the jury might infer that Butler had taken the car, and that it was he, therefore, and not the defendant, who was seen driving it immediately after the robbery. Even if we concede that the conversation should have been placed before the jury by Keith, the ruling keeping it out does not justify a reversal. The fact that defendant and Butler discussed the borrowing of the former's car by the latter, would, at best, give rise to but an inference that that event had taken place. That the event had taken place, if Keith was to be believed, was clear from statements which he made in his testimony. The relating of the conversation would in no way have added to his credibility as a witness, although it might have added somewhat to the weight of his statements. As the evidence of defendant's guilt was quite overwhelming, and the story both he and the defendant told was found a fabrication by the jury, the action of the trial court in refusing to permit Keith to add a detail, in itself but a line in the picture painted, cannot be said to have affected the result. We must disregard such errors. (Const., art. VI, sec. 4½.)

No useful purpose would be served in listing the few questions and comments by the prosecuting attorney of which appellant complains. We have examined them all and find neither error, nor substance in any way affecting the outcome of the case.

The judgment appealed from should be, and therefore is, affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 30, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 16, 1931.